**FIN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Felipe N. Gomez, | ) | Case No. 23 B 3023 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| Felipe N. Gomez, | ) | |
| Plaintiff, | ) | Adversary No. 24 A 00116 |
| | ) | |
| v. | ) | |
| | ) | Honorable Michael B. Slade |
| The Living Trust of Sandra Weisenthal Gomez, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Felipe Gomez filed for relief under chapter 7 of the Bankruptcy Code on March 7, 2023. *See* Case No. 23 B 3023, Dkt. No. 1. After extensive litigation in his bankruptcy case (some of which is still pending), on May 8, 2024, Gomez initiated this Adversary Proceeding against The Living Trust of Sandra Weisenthal Gomez (the "Living Trust").

Gomez titled this complaint an "Adversary Complaint for the Retrieval of Estate and other Related Personal Property, and Interpleader/Declaratory Relief." Adv. No. 24 A 116, Dkt. No. 1. He seeks relief under "11 USC 541/542 (Replevin of Estate and Debtor Property)," "18 U.S.C. Ch. 83, 1701-02," "22 USC 2201 (Declaratory Judgment Act)" and "FRCP 22 Interpleader." *Id.* at 1. He asks me to Order the Living Trust to disclose information, turn over

1

to him certain property, "pay compensatory and punitive damages of at least $100,000 to

[Gomez], and no one else," and "indemnify" Gomez for potential liability.  *Id.* at 3.

Gomez claims entitlement to mail related to a UMTA account at Charles Schwab & Co.

and to "paper files, including HIPPA and Privacy Act protected medical records as to Plaintiff."

*Id.* at 2.  Gomez alleges that "[o]n information and belief, the missing personal property includes

records that have indicia of a large debt (six to seven figures) owed from Larry Weisenthal to the

SWG Estate, which in turn part of which , Gomez per stirpes share [sic], could possibly be part

of the bankruptcy estate."  *Id.*

The Living Trust seeks dismissal on three grounds.  Dkt. No. 27.  First, the Living Trust

asserts that the claims pled, to the extent they are claims at all, are property of the bankruptcy

estate under the control of the chapter 7 trustee.  *Id.* at 5-7.  Second, the Living Trust asserts that

Gomez is attempting to assert standing as "a former custodian of an individual who has attained

the age of majority," *id.* at 7-9, which he does not have.  Third, noting that the conduct

challenged by Gomez appears to have occurred more than a decade ago, the Living Trust asserts

that these claims (however characterized) must be barred by the applicable statute of limitations.

*Id.* at 9-11.  Because the Living Trust is correct that these claims (to the extent they are claims)

are estate claims, Gomez has no authority to assert them. Accordingly, while the claims appear

on their face to also be stale, I do not need to address the Living Trust's statute of limitations

argument, or its other arguments, at this time.

There is no dispute that the claims advanced here concern conduct that occurred prior to

the March 7, 2023 petition date.  While this Adversary Proceeding was filed later, "the legal

claim on which the suit was based, having arisen out of a transaction . . . that had occurred before

the petition was filed, was already 'property' of the debtor and hence the debtor's estate in bankruptcy." *Polis v. Getaways, Inc. (In re Polis)*, 217 F.3d 899, 902 (7th Cir. 2000).

My predecessor previously found, and I agree, that Gomez cannot assert pre-petition claims that are part of his bankruptcy estate. *In re Gomez*, 655 B.R. 738, 746 n. 2 (Bankr. N.D. Ill. 2023). Gomez's exemptions from the estate are listed in his Amended Schedule C, which my predecessor found the Trustee had failed to timely challenge and thus were binding on both the Trustee and Gomez. *See id.* at 738-46. Gomez's Schedule C, *see* Case No. 23 B 03023, Dkt. No. 125, refers back to Gomez's previously-filed Schedules A and B, *see id.* at 2, Dkt. No. 76. Attachment 1 to that document lists a slew of then-existing lawsuits that Gomez sought to exempt from the estate. Potentially filing new claims against the Living Trust in this Court and seeking, among other things, recovery of compensatory and punitive damages, is not listed. Gomez claims in his response brief that his filed exemptions included "all legal and equitable claims and actions related to the SWG Living Estate," *see* Dkt. No. 43, Gomez Resp. Br. at 6, but nothing in the filed Schedules and Attachments actually uses that language. *See, e.g.,* Dkt. No. 76 at 4 ("All lawsuits and claims *listed* in Attachments 1 and 2 are exempted personal property" (emphasis added)); *id.* at 11-17 (listing specific causes of action, but not including any general catch-all for non-enumerated claims). Accordingly, these claims, filed anew in this Court in a post-petition Adversary Proceeding based on conduct that occurred pre-petition, have not been exempted and are property of the estate.

Gomez has no authority or discretion over claims that belong to the estate. *See Gomez*, 655 B.R. at 746 & n.2; *see also Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 904 (7th Cir. 2012) (holding chapter 7 trustee had sole authority to bring a prepetition claim); *Biesek v. Soo Line R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006) (same and calling the debtor "an interloper, trying to

prosecute a claim that belongs to his estate in bankruptcy"); (*Detrick v. Panalpina, Inc.*, 108 F.3d 529, 536 (4th Cir. 1997) ("[S]ince the Detricks have filed for bankruptcy protection, the Detricks, in their individual capacities, lack standing to pursue the instant lawsuit, as the Detricks' claims now belong to the bankruptcy Trustees"); *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 306 (5th Cir. 2001) (same).  He had no authority to initiate this Adversary Proceeding.[1]

Even if these claims had been explicitly listed on Gomez's filed exemptions (the ones my predecessor barred the Trustee from challenging further), moreover, that would not help Gomez. Gomez appears to misunderstand what occurs when litigation is subject to a valid exemption. The prior opinion in this case explains that well, so I will simply quote it:  "The lawsuits remain property of his estate . . .  and the trustee can still pursue them for the benefit of creditors – as long as he pays Gomez his $4,000 exemption from any recoveries."  *Gomez*, 655 B.R. at 746 n.2. The bottom line is that, again, by seeking relief under chapter 7 of the Bankruptcy Code, Gomez lost the ability to initiate and prosecute claims like these.

I note that the Living Trust makes a strong case for dismissal on limitations grounds too, and Gomez's response brief largely asks me to defer that argument on procedural grounds (not disputing untimeliness but arguing that the facts on which the Living Trust's limitations arguments are based are not within the four corners of his complaint).  But I will not address whether Gomez's theories are barred by the applicable statute of limitations at this time.  It is enough to dismiss because Gomez seeks to assert claims that he lacks authority to pursue.

---

[1] Gomez's response brief relies on a classic case taught in law school, *Pennoyer v. Neff,* 95 U.S. 714 (1878). *Pennoyer* concerned the concept of establishing personal jurisdiction over a non-resident defendant in a civil case, and its principles are not relevant here.  The Living Trust is arguing that the chapter 7 estate (and not Gomez) has exclusive authority to prosecute the Adversary Proceeding.  It does not matter that some of the relief requested is Gomez's request that the Living Trust turn over property to him, and Gomez does not articulate (or cite any cases articulating) why that distinction would make any difference to the outcome here.

For the reasons stated here, the Living Trust's motion to dismiss is GRANTED and this

Adversary Proceeding is DISMISSED, without prejudice.

Signed: <u>January 27, 2025</u>          By: _____

                                            MICHAEL B. SLADE
                                    UNITED STATES BANKRUPTCY JUDGE